UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. STEWART,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAURIE SMITH, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03977-JST<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b) (1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

According to the complaint, Plaintiff was unlawfully detained in Santa Clara County Jail four days past his release date of February 25, 2016. Docket No. 1 at 4. Plaintiff was released on February 29, 2016, without being provided with mental health medication and without being provided food or shelter. Id. at 4. Plaintiff alleges that these acts caused him to suffer three psychotic breakdowns, each of which resulted in him being arrested. Id. Plaintiff alleges that these actions and inactions violated his rights under the Fifth Amendment, the Eighth Amendment, and Fourteenth Amendment of the United States Constitution; Articles 3, 5, 7, and 26 of the Universal Declaration of Human Rights ("Declaration"); and Sections 1, 7, 15, 17, 29 and 31 of the California Constitution. Id. at 4–5. Plaintiff also alleges that his unlawful detention constituted unlawful imprisonment. Plaintiff names as defendants Sheriff Laurie Smith, and Santa Clara County Valley Medical Center Mental Health Supervisor George Centhaner. Id. at 2. Plaintiff seeks compensatory and punitive damages. Id. at 3.

    **1.    Federal Claims**

Liberally construed, Plaintiff states a cognizable Eighth Amendment claim against Defendants for releasing him without mental health medication. Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999) (Eighth Amendment requires "state [to] provide an outgoing

prisoner who is receiving and continues to require medication with a supply sufficient to ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply"). However, Plaintiff's allegation that he was not provided food and shelter upon his release from prison does not state a cognizable constitutional claim. There is no constitutional right to food and shelter upon one's release from prison. This claim is DISMISSED with prejudice.

Liberally construed, Plaintiff's allegation that he was detained beyond his release date states cognizable Eighth Amendment and Fourteenth Amendment claims against Sheriff Laurie Smith.[1]  See Brass v. Cty. of Los Angeles, 328 F.3d 1192, 1200 (9th Cir. 2003) (prisoner "may have had a due process right to be released within a reasonable time after the reason for his detention ended"); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) ("Detention of [plaintiff] beyond the termination of his sentence was undoubtedly punishment within the constitutional meaning of [the term cruel and unusual punishment]"). However, this allegation fails to state a claim against George Centhaner, whom Plaintiff identifies as the Santa Clara County Valley Medical Center ("SCCVMC") Mental Health Supervisor. Plaintiff has made no allegation from which it may be inferred that Centhaner participated in Plaintiff's over-detention. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (individual liability under § 1983 arises only upon a showing of personal participation by the defendant); see also Avalos v. Baca, 596 F.3d 583, 587 (9th Cir. 2010) (for liability to attach to prison official in his individual capacity, plaintiff must show that prison official personally participated in his over-detention or that it was the result of a pattern or custom on his part), Mortimer v. Baca, 594 F.3d 714, 722–23 (9th Cir. 2010) (in order for liability to attach to a prison official in his official capacity, plaintiff must show that his over-detention was the result of a set of policies — or lack of policies — that amounted to a policy of deliberate indifference).

2. **State-law Claims**

Liberally construed, Plaintiff has stated a cognizable state law claim of false imprisonment.

---

[1] Plaintiff incorrectly argues that his over-detention also violated his due process rights under the Fifth Amendment. The Due Process Clause of the Fifth Amendment applies to the federal government while the Due Process Clause of the Fourteenth Amendment prohibits state action. See Dusenbery v. United States, 534 U.S. 161, 167 (2002).

3

Shoyoye v. Cty. of Los Angeles, 137 Cal. Rptr. 3d 839, 851 (Cal. Ct. App. 2012) ("'The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'") (citing Easton v. Sutter Coast Hospital, 95 Cal. Rptr. 2d 316, 323 (Cal. Ct. App. 2000)).

Plaintiff also makes a general statement that Defendants have violated his rights under Sections 1, 7, 15, 17, 29 and 31 of Article 1[2] of the California Constitution. Docket No. 1 at 4–5.

Section 1 provides as follows:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

Cal. Const. art. I, § 1. Plaintiff does not specify how Defendants have violated section 1, and his allegations that Defendants overdetained him and failed to provide him with a sufficient supply of medication, food, or shelter upon his release from prison fail to state cognizable claims for relief under section 1. Moreover, "although safety and happiness are inalienable rights[, . . . n]o case has ever held that this provision . . . is self-executing in the sense that it gives rise, in and of itself, to a private right of action for damages or an affirmative duty on the part of the state to take particular steps to guarantee the enjoyment of safety or happiness by all citizens." Clausing v. San Francisco Unified Sch. Dist., 271 Cal. Rptr. 72, 79 n.6 (Cal. Ct. App. 1990). Accordingly, Plaintiff's claims based on section 1 are DISMISSED with prejudice.

The Court liberally construes the complaint's reference to sections 7 and 15 as alleging a violation of the due process clauses set forth in both sections.[3] Plaintiff's claims based on sections 7 and 15 are DISMISSED with prejudice because there is no private right of action under either of these section. In Katzberg v. Regents of Univ. of Cal., 29 Cal. 4th 300, 303 (Cal. 2002), the California Supreme Court found that no precedential authority exists for recognizing a private

---

[2] Plaintiff does not specify to which article of the California Constitution he is referring. The Court presumes that he is referring to Article 1 of the California Constitution. All subsequent references to section numbers are to sections within Article 1 of the California Constitution.
[3] In addition to guaranteeing due process, section 7 also provides that a person may not be deprived of life, liberty, or property without equal protection of the laws, and that citizens may not be granted privileges or immunities that are not granted on the same terms to all citizens. Cal. Const. art. I, § 7. Section 15 provides that a criminal defendant has the right to a speedy public trial, to compel attendance of witnesses, to be personally present with counsel at his trial, and against self-incrimination; and also prohibits double jeopardy. Cal. Const. art. I, § 15.

4

right of action in damages for violations of section 7.  Katzberg, 29 Cal. 4th at 324–29 (also noting the availability of meaningful alternative remedies).  A private right of action in damages for violations of section 15 is precluded on the same grounds.  See Reinhardt v. Santa Clara Cty., No. C 05-05143 HRL, 2006 WL 662741, at *8 (N.D. Cal. 2006) (applying analysis set forth in Katzberg and dismissing section 15 claim because section 15 "does not manifest an intent to include a damages remedy, and because there are adequate alternative forms of relief (habeas corpus and the Bane Act)") (also citing to Walker v. Cty. of Santa Clara, No. C 04-02211 RMW, 2005 WL 2437037 at *7 (N.D. Cal. 2005).

Plaintiff's claim based on section 17[4] will also be DISMISSED with prejudice because there is also no precedential authority for recognizing a private right of action for damages under this section.  Giraldo v. California Dep't of Corr. & Rehab., 85 Cal. Rptr. 3d 371, 388–91 (Cal. Ct. App. 2008) (applying analysis set forth in Katzberg).

Plaintiff's claim based on section 29 will be DISMISSED with prejudice because section 29 is inapplicable to Plaintiff's case.  Section 29 provides that "[i]n a criminal case, the people of the State of California have the right to due process of law and to a speedy and public trial."  Cal. Const. art. I, § 29.  Plaintiff has not alleged that he failed to receive due process of law with respect to his criminal case, or that he failed to receive a speedy or public trial.

Finally, Plaintiff's claim based on Section 31 will also be DISMISSED with prejudice because section 31 is inapplicable to Plaintiff's case.  Section 31 provides in relevant part that the state shall not discriminate on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting.  Cal. Const. art. I, § 31.  There are no allegations of discrimination in Plaintiff's complaint and his allegations do not involve public employment, public education, or public contracting.

### 3. Universal Declaration of Human Rights Claims

The United States Supreme Court has found that "the [Universal] Declaration [of Human Rights] does not of its own force impose obligations as a matter of international law."  Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004).  The Declaration is a "non-binding resolution[ ] of

---

[4] Section 17 of the California Constitution prohibits the infliction of cruel and unusual punishment and the levying of excessive fines.  Cal. Const. art. I, § 17.

the General Assembly of the United Nations." Siderman de Blake v. Republic of Arg., 965 F.2d 699, 719 (9th Cir. 1992) (explaining that the resolution "creates legal obligations only insofar as it represents evidence of customary international law"). Therefore, the Declaration cannot by itself support creation of a cause of action. Sosa, 542 U.S. at 734–38. Since this international instrument does not create a cause of action, Plaintiff's claims under the Declaration fails to state a claim upon which relief may be granted, and are DISMISSED with prejudice. UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (dismissal can be based on lack of cognizable legal theory).

## CONCLUSION

1. Plaintiff has stated the following cognizable claims: an Eighth Amendment claim against Defendants for releasing him without mental health medication; Eighth Amendment and Fourteenth Amendment claims against Sheriff Laurie Smith for overdetention; and a state-law claim against Sheriff Laurie Smith for false imprisonment. The following claims are DISMISSED with prejudice: Plaintiff's claim that his federal constitutional rights were violated when Defendants failed to provide him with food and shelter upon his release from prison; Plaintiff's claim that Centhaner over-detained Plaintiff; Plaintiff's claims that his rights under the California Constitution were violated; and Plaintiff's claims that his rights under the Universal Declaration of Human Rights were violated.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon **Sheriff Laurie Smith at the Santa Clara County Jail, 55 Younger St., San Jose, CA** and upon **George Centhaner, Mental Health Supervisor at Santa Clara Valley Medical Center, 751 S Bascom Ave, San Jose, CA**. The Clerk shall also mail a courtesy copy of the complaint and this order to the Santa Clara Office of the County Counsel at 70 West Hedding Street, East Wing, 9th Floor, San Jose, CA 95110.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and

adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[5]

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

---

[5] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).[6]

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: January 3, 2017

JON S. TIGAR
United States District Judge

---

[6] The Rand notice does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939.

8