UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. STEWART,<br><br>   Plaintiff,<br><br>   v.<br><br>LAURIE SMITH, et al.,<br><br>   Defendants. | Case No. 16-cv-03977-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff Kenneth Stewart was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on July 14, 2016. Dkt. No. 1. On February 15, 2017, Defendants filed a notice of Plaintiff's death. Dkt. No. 19. On February 17, 2017, the Court ordered Defendants to serve Plaintiff's representative or successor with a statement of death in the manner required by Fed. R. Civ. P. 25(a)(3). On March 10, 2017, Defendants filed a notice of compliance with the Court's February 17, 2017 Order. Dkt. No. 27. Defendants also separately submitted, under seal and directly to the Court, a letter indicating that they had identified six potential successors and representatives: Plaintiff's father, Plaintiff's minor son, the mother of Plaintiff's minor son, Plaintiff's adult son, Plaintiff's adult daughter, and Plaintiff's grandmother. Defendants provided proofs of service indicating that, between March 2, 2017 and March 8, 2017, five out of the six individuals had been served. Plaintiff's adult son was reached by telephone but declined to provide a mailing address and refused to return follow-up calls made by Defendants. Defendants were therefore unable to serve Plaintiff's adult son.

Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the

manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). Non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow, 39 F.3d at 232– 34.

Defendants identified and personally served five potential successors or representatives between March 2, 2017 and March 8, 2017. Defendants' March 10, 2017 therefore Notice of Compliance triggered the ninety-day period set forth in Rule 25 of the Federal Rules of Civil Procedure. See Barlow, 39 F.3d at 233; Fed. R. Civ. P. 25(a)(1). Because no motion for substitution was filed on or before June 8, 2017, the Court DISMISSES this action pursuant to Rule 25(a).

IT IS SO ORDERED.

Dated: June 14, 2017

_____
JON S. TIGAR
United States District Judge